[DO NOT PUBLISH]

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11551

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

PATRICK M. BASS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00178-RAH-JTA-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Patrick Bass appeals his total 240-month sentence imposed after he pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), three counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). He argues for the first time on appeal that (1) the district court plainly erred in sentencing him under the Armed Career Criminal Act ("ACCA"), and (2) his conviction for possession of a firearm by a convicted felon should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment analysis adopted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). After review, we affirm.

## I.     Background

In June 2022, a federal grand jury indicted Bass with one count of possession of a firearm by a convicted felon, three counts of possession with intent to distribute a controlled substance, and one count of possession of a firearm in furtherance of a drug-trafficking crime. Bass pleaded guilty to all five counts without a plea agreement. He did not challenge the constitutionality of § 922(g)(1).

Bass's presentence investigation report ("PSI") indicated that he qualified as a career offender under U.S.S.G. § 4B1.1, and an

armed career criminal under 18 U.S.C. § 924(e). For purposes of the ACCA enhancement, Bass's three predicate "serious drug offenses" were three Alabama convictions for first-degree possession of marijuana from 2004, 2007, and 2013. His resulting guidelines range was 262 to 327 months' imprisonment. *See* U.S.S.G. § 4B1.1(c)(2)(B), (3). He did not object to the classification of his prior Alabama convictions for marijuana possession as serious drug offenses. Bass moved for a downward variance to the applicable mandatory minimum of 20 years' imprisonment,[1] which the district court granted. Accordingly, the district court sentenced Bass to a total of 240 months' imprisonment to be followed by 4 years' supervised release. This appeal followed.

## II.    Discussion

Bass argues for the first time on appeal that (1) the district court plainly erred in sentencing him under the ACCA because his prior Alabama convictions for first-degree possession of marijuana do not qualify as serious drug offenses for purposes of the ACCA, and (2) his conviction for possession of a firearm by a convicted felon should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment analysis adopted

---

[1] The possession of a firearm by a convicted felon count carried a 15-year mandatory minimum, the drug possession counts carried a 5-year mandatory minimum, and the possession of a firearm in further of a drug-trafficking crime count carried a 5-year mandatory minimum, which had to be imposed consecutively to the other counts. Bass faced a statutory maximum of life imprisonment.

in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). We address each argument in turn.

## A. The ACCA Enhancement

Bass argues for the first time on appeal that the district court erred in sentencing him under the ACCA because he did not have three qualifying predicate convictions.[2] Specifically, he maintains that his three prior convictions for Alabama first-degree possession of marijuana do not qualify as serious drug offenses for purposes of the ACCA because, in determining whether a prior offense qualifies as a serious drug offense, the courts must look to the federal drug schedules in effect at the time of the federal firearm offense that triggers the enhancement. At the time of his present federal firearm offense in 2020, hemp was not a controlled substance under federal law; therefore, his Alabama convictions categorically did not qualify as serious drug offenses for purposes of the ACCA.

The ACCA defines a "serious drug offense" as, in relevant part, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined [by the] Controlled Substances Act ["CSA"] (21 U.S.C. [§] 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C.

---

[2] Because Bass raises this challenge for the first time on appeal, we review for plain error only. *United States v. Laines*, 69 F.4th 1221, 1233 (11th Cir. 2023), *cert. denied*, 2024 WL 2805789 (2024).

§ 924(e)(2)(A)(ii). We apply the categorical approach to determine whether a state conviction is a "serious drug offense" under the ACCA. *United States v. Conage*, 976 F.3d 1244, 1250 (11th Cir. 2020). "Under the categorical approach, a conviction qualifies as a serious drug offense only if the state statute under which the defendant was convicted defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense." *Id*. Thus, Bass argues that, at the time of his federal conviction, because the federal drug schedules in the CSA excluded hemp from its definition of a controlled substance, the Alabama statute under which he was convicted was categorically overbroad and his state convictions did not qualify as serious drug offenses.

While Bass's appeal was pending, however, the Supreme Court held in *Brown v. United States* that prior state drug convictions qualify as ACCA predicates if, as here, "the federal and state schedules matched when the state crimes occurred." 144 S. Ct. 1195, 1209 (2024). Accordingly, Bass now concedes that his claim is squarely foreclosed by *Brown* because, at the time of his 2004, 2007, and 2013 Alabama convictions, respectively, hemp was a controlled substance under both the Alabama and federal drug schedules. *Compare* Ala. Code § 20-2-2(14) (2013), *with* 21 U.S.C. § 802(16) (2013).[3] Thus, Bass is not entitled to relief on this claim.

---

[3] Alabama's schedules did not exclude hemp until 2016. *See* Ala. Code § 20-2-2(14) (2016). And in 2018, the federal definition of marijuana was amended to exempt hemp. 21 U.S.C. § 802(16)(B)(i) (2018).

### B. *Constitutionality of § 922(g)(1)*

Bass argues that his conviction for possession of a firearm by a convicted felon should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment analysis in *Bruen*.[4] He asserts that, because *Bruen* established the new framework for Second Amendment claims, any decision that did not apply its framework, including this Court's precedent in *United States v. Rozier*, 598 F.3d 768, 770 (11th Cir. 2010), which held that § 922(g)(1) did not violate the Second Amendment, has been abrogated. And he maintains that the Supreme Court's recent opinion in *United States v. Rahimi*, 144 S. Ct. 1889 (2024), further supports his claim because it (1) firmly establishes that the "*Bruen* methodology" is the proper framework for assessing Second Amendment challenges—a framework which *Rozier* did not employ, and (2) rejected the government's argument that a person may be disarmed simply because he is not responsible.

"Generally, we review *de novo* the constitutionality of a statute because it is a question of law." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, where as here, the defendant raises the constitutional challenge for the first time on appeal, we review for plain error. *Id.* To succeed under plain-error

---

[4] Ordinarily, when a defendant enters a valid guilty plea, he waives any non-jurisdictional defects in the proceedings. *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014). However, a guilty plea does not operate to waive constitutional challenges to the statute of conviction. *See Class v. United States*, 583 U.S. 174, 181 (2018).

review, Bass must show that (1) there was an error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732–34 (1993). If these three requirements are met, then this Court may exercise its discretion to correct the error, but only if the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 735–36. Importantly, "[i]t is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Bass's claim fails under plain error review because he has identified no precedent from the Supreme Court or this Court holding that § 922(g)(1) violates the Second Amendment. *See id.* Indeed, we upheld § 922(g)(1) under the Second Amendment in *Rozier*, 598 F.3d at 770–71. And under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). Moreover, we have squarely rejected the argument that *Bruen* abrogated *Rozier*. *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (holding that "*Bruen* did not abrogate *Rozier*"). Thus, *Rozier* is controlling in this case and, under *Rozier*, Bass's claim necessarily fails.

Finally, contrary to Bass's arguments otherwise, the Supreme Court's recent decision in *Rahimi* does not change our analysis. In *Rahimi*, the Supreme Court considered a Second Amendment challenge to § 922(g)(8)(C)(i), which prohibits an individual who is subject to a domestic violence restraining order from possessing a firearm when the order includes a finding that he represents a credible threat to the safety of an intimate partner or a child of that partner or individual. *See* 144 S. Ct. 1898. The Court ultimately upheld this firearm restriction as constitutional. *Id.* at 1901–02. *Rahimi* does not displace our holding that *Bruen* did not abrogate *Rozier*. *Rahimi* did not involve § 922(g)(1) nor did it "otherwise comment on the precise issue before" us in *Rozier*. *See Dubois*, 94 F.4th at 1293 (alteration adopted) (quotations omitted); *see id.* ("An intervening Supreme Court decision abrogates our precedent only if the intervening decision is both clearly on point and clearly contrary to our earlier decision. If the Supreme Court never discussed our precedent and did not otherwise comment[ ] on the precise issue before the prior panel, our precedent remains binding." (internal citation omitted) (quotations omitted)). Moreover, in *Rahimi*, the Supreme Court once again reaffirmed that the prohibition "on the possession of firearms by 'felons' . . . [is] 'presumptively lawful,'" which greatly undermines Bass's claim. 144 S. Ct. 1902 (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626, 627, n.26 (2008)). Thus, *Rahimi* does not help Bass.

Regardless, as noted previously, Bass cannot demonstrate plain error because he has not identified any on-point precedent from this Court or the United States Supreme Court holding that

§ 922(g)(1)'s prohibition on felons possessing firearms is unconstitutional. *Lejarde-Rada*, 319 F.3d at 1291. Accordingly, for the above reasons, Bass is not entitled to relief on this claim.

**AFFIRMED.**